## JABEZ F. HEWES *versus* SAMUEL K. BAYLEY.

Where a partner, without the knowledge of his copartner, assigned partnership property in trust to pay the debts of the firm, it was *held*, that the copartner could not maintain a several action for money had and received against the as-signee to recover his proportion of the proceeds of the property assigned.

ASSUMPSIT for money had and received. Trial before *Wilde* J.

It was proved that the plaintiff and Handel Winship entered into partnership in January 1835, to carry on the business of bakers, and that on July 31, 1835, the copartnership was dis-solved by Winship, without the knowledge or consent of the plaintiff. On the 29th of July, Winship advised his brothers, who were creditors of the firm, to take measures for their security, and they immediately attached the chattels belonging to the firm. On the 31st of July, Winship, without the knowledge or consent of the plaintiff, assigned all the books of account, book debts, notes of hand, and evidence of property which the firm then possessed, to the defendant, in trust for the creditors of the firm who should become par-ties to the assignment within thirty days. The defendant pro-duced an account, showing receipts of money and payments under the assignment, leaving a balance in his hands. There were demands still due from the firm which had not been

paid, exceeding this balance, and some of the debts due to them had not been collected. Just before the commencement of this action the plaintiff demanded an account, and payment of one half of the amount of debts collected by the defendant.

For the purposes of the trial, the jury were instructed, that the action might be maintained by the plaintiff, without joining his partner, if he could show that money was actually had and received by the defendant before the commencement of the suit ; that the defendant had a right to an allowance for all sums paid by him for the discharge of debts pursuant to the indenture of assignment ; that if the firm was proved to have been insolvent at the time of the assignment, the plaintiff would have no right to sue the defendant till all the debts were paid ; that there was in fact but one question for them to consider, namely, whether the firm was insolvent at the time of the assignment, and if they found such to be the fact, the plaintiff could not maintain his action ; but if it was not insolvent, and if the plaintiff had not ratified the acts of his partner, he could recover one half of the money in the hands of the defendant.

The jury found in favor of the defendant, on the ground that the firm of Winship & Hewes was insolvent.

The plaintiff moved for a new trial, because the verdict was against the evidence.

*B. Rand* and *Brigham* resisted the motion, contending 1. that the verdict was not against the evidence ; and 2. that whether it was so or not, the action could not be maintained by the plaintiff severally. Collyer on Partn. 387 ; Gow on Partn. (Amer. Edit.) 150 and note 1 ; *Dobb* v. *Halsey*, 16 Johns. R. 34 ; Story's Pl. (Oliver's edit.) 20 ; *Baker* v *Jewell*, 6 Mass. R. 460.

*C. P. Curtis* and *B. R. Curtis*, for the plaintiff, argued that the defendant took by the assignment only Winship's moiety of the debts assigned, and that the payments made by him out of the plaintiff's moiety were made in his own wrong ; *Egberts* v. *Wood*, 3 Paige, 518 ; and that Winship had severed his interest in the partnership property, and consequently the

plaintiff was entitled to his separate action against the defend ant.  *Baker* v. *Jewell*, 6 Mass. R. 460.

SHAW C. J. delivered the opinion of the Court.  [After commenting on the evidence in relation to the insolvency of the firm, and stating that the Court thought it would warrant the jury in finding the verdict which they did, he proceeded :] But the Court have not considered it necessary to examine this part of the case so critically as would otherwise be requisite, because upon the other point they are of opinion that this action cannot be maintained.   The plaintiff and Handel Winship were partners.   Winship acting for himself and partner, assigned certain choses in action of the firm to the defendant, in trust for the payment of the debts of the firm.   It is for the money, the proceeds of these choses in action, that this action is brought by the plaintiff alone, in form *ex contractu.* If the assignment was valid, then the money was received in trust for the creditors, and the defendant would be liable only for the surplus, and that to the partners jointly.   But it is conceded that the money collected by the defendant is not sufficient for the payment of the debts, and of course that there is no surplus ; but if there were, it would belong to the partners jointly, and must be sued for in a joint action.   The plaintiff seeks only to recover one half of the money in the hands of the defendant, on the ground that the assignment being made by the other partner, Winship, is good as against Winship himself, and that he could not join with the plaintiff in maintaining an action, and therefore that the plaintiff can recover for his other moiety.   But the parties did not hold in moieties, and the debts could not be thus severed.   Besides, by bringing an action for money had and received, the plaintiff, in effect, affirms the assignment, and of course affirms it, on the terms and trusts on which it was made.   The assignment was made on an express trust, from the proceeds to pay the partnership debts, and if the assignment is valid, the money is held by the defendant to the use of the creditors, and it has in part been so applied.

Further, the money collected by the defendant was received as partnership money, and it is impossible to perceive upon what legal principle one partner may sue at law for a moiety

of it. It seems to fall within the settled rule of law, that in an action at law, one partner can no more sue a third person for a moiety of a debt due the firm, than he could sue his partner in like manner for the debt, if it had been collected by him. The plaintiff insists that his case is to be deemed an exception, on the ground of the alleged wrong and injury done to him by the acts of his partner, in the sudden, and as contended, clandestine dissolution of the partnership, the attachment of the visible property, and the assignment of the debts, of which he supposes the defendant to have been conusant. But whatever wrong he may have suffered in this way, of which we express no opinion, it would not enable the plaintiff to have his action in this form, in form *ex contractu* If the law affords him any remedy in his own several capacity, for this alleged wrong, in which his partner participated, he must pursue it in some other form of proceeding.

*Judgment on the verdict.*